**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Morgan Fitch, )<br>)<br>　　　　Plaintiff, )<br>)<br>　vs. )<br>)<br>BNSF Railway Company, )<br>a Delaware Corporation, )<br>)<br>　　　　Defendant. )<br>) | **ORDER DENYING PLAINTIFF'S MOTIONS TO EXCLUDE EXPERT TESTIMONY**<br><br>Case No. 1:21-cv-181 |

Before the Court are the Plaintiff's motions to exclude expert testimony filed on July 6, 2023. See Doc. Nos. 65, 67, and 69. The Plaintiff seeks to exclude the opinions and testimony of Dr. Melissa Castro, Dr. Frederick Strobl, and Dr. Steven Moen. The Defendant filed responses in opposition to the motions on July 20, 2023. See Doc. Nos. 75-77. The Plaintiff filed reply briefs on July 27, 2023. See Doc. Nos. 78-80. For the reasons set forth below, the motions are denied.

**I.　BACKGROUND**

This a personal injury case in which the Plaintiff, Morgan Fitch, seeks damages for injuries allegedly suffered while working as a conductor for Defendant BNSF Railway Company (BNSF) under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. Fitch contends she was injured on February 28, 2020, while part of a train crew operating a BNSF train between Minot and Rugby in North Dakota. In her complaint, Fitch alleges the train went into an emergency stop which caused her to be thrown down and injure her right arm and shoulder. Throughout litigation, Fitch also has alleged that she sustained neurological and cognitive injuries, including a traumatic brain injury.

1

**II.     STANDARD OF REVIEW**

Rule 702 of the Federal Rules of Evidence sets forth the standard for expert testimony, allowing an expert to testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 requires that the trial judge act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993). The trial court is given broad discretion in its determination of reliability. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 142 (1999); Olson v. Ford Motor Co., 481 F.3d 619, 626 (8th Cir. 2007).

"Questions of an expert's credibility and the weight accorded to his testimony are ultimately for the trier of fact to determine." Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc., 125 F.3d 1176, 1183 (8th Cir. 1997) (citing Fox v. Dannenberg, 906 F.2d 1253, 1256 (8th Cir. 1990)). "Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." Id. (citing Hose v. Chicago Nw. Transp. Co., 70 F.3d 968, 974 (8th Cir. 1995)).

A party may present expert testimony if the expert's opinion is scientifically valid and it will assist the jury. Daubert, 509 U.S. at 592 (1993). "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592-93. "A review of the caselaw after *Daubert* shows that the rejection of expert testimony is the

2

exception rather than the rule." Fed. R. Civ. P. 702 Advisory Committee Note (2000). *Daubert*, and subsequent caselaw allow for "liberal admission of expert testimony." Johnson v. Mead Johnson & Co., LLC, 754 F.3d 557, 562 (8th Cir. 2014). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

"[D]istrict courts are admonished not to weigh or assess the correctness of competing expert opinions." Johnson, 754 F.3d at 562 (citations omitted). "Proponents of expert testimony need not demonstrate that the assessments of their experts are correct, and trial courts are not empowered to determine which of several competing scientific theories has the best provenance." Kuhn v. Wyeth, Inc., 686 F.3d 618, 625 (8th Cir. 2012) (citations omitted). When expert testimony is "within the range where experts might reasonably differ, the jury, not the trial court, should be the one to decide among the conflicting view of different experts." Johnson, 754 F.3d at 564 (citations omitted).

### III.   LEGAL DISCUSSION

The Plaintiff brought motions to exclude the expert opinions and testimony of Dr. Melissa Castro, Dr. Frederick Strobl, and Dr. Steven Moen. See Doc. Nos. 65, 67, and 69. The Plaintiff cites to the supplemental report of her own expert, Dr. Steven Lockman, in support of her argument that the Defendant's experts' opinions and testimony should be excluded. See Doc. No. 66-2. Rule 702 requires that the trial judge act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. See Daubert, 509 U.S. at 589.

The Court has carefully reviewed the filings of the parties and finds Dr. Castro is an experienced, qualified, and competent board-certified neuropsychologist. The record reveals Dr.

Castro examined and interviewed the Plaintiff, administered a series of tests to evaluate the Plaintiff, and analyzed the Plaintiff's medical records before reaching her conclusions. Dr. Castro's methodology and reasoning underlying her testimony is scientifically valid and can properly be applied to the facts in this case. It is clear to the Court that Dr. Castro's expert testimony is relevant, reliable, and consistent with Rule 702 of the Federal Rules of Evidence.

Further, the Court finds that Dr. Strobl is an experienced, qualified, and competent board-certified neurologist. Dr. Strobl's opinions were formed after examining the Plaintiff and evaluating the Plaintiff's medical history through her records. The methodology and reasoning underlying Dr. Strobl's testimony is scientifically valid and can properly be applied to the facts in this case. The Court finds Dr. Strobl's expert testimony is relevant, reliable, and consistent with Rule 702 of the Federal Rules of Evidence.

Additionally, the Court finds Dr. Moen is an experienced, qualified, and competent board-certified orthopedic surgeon. Dr. Moen examined the Plaintiff and evaluated her medical history through her records. The methodology and reasoning underlying Dr. Moen's testimony is scientifically valid and can properly be applied to the facts in this case. The Court finds Dr. Moen's expert testimony is relevant, reliable, and consistent with Rule 702 of the Federal Rules of Evidence.

The Plaintiff's motions ask the Court to assess the correctness of competing expert opinions, which goes to the weight to be given to the testimony by the factfinder, nots its admissibility. The proper means of attacking an expert's opinion is through vigorous cross-examination and the presentation of contrary evidence, rather than a wholesale exclusion of such testimony at trial. See Olson v. Ford Motor Co., 411 F. Supp. 2d 1137, 1145 (D.N.D. 2006); see also Daubert, 509 U.S. at 596. The Court will not invade the province of the jury whose job it is

to decide issues of credibility and determine the weight to be accorded such evidence. For the reasons stated above, the Plaintiff's motions to exclude the testimony of Dr. Melissa Castro, Dr. Frederick Strobl, and Dr. Steven Moen are denied.

## IV.     CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, the Plaintiff's motions to exclude expert testimony (Doc. Nos. 65, 67, and 69) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 18th day of December, 2023.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court