IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Morgan Fitch, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **COMPEL LIKE REPORTS** |
| v. | ) | |
| | ) | |
| BNSF Railway Company, | ) | Case No.: 1:21-cv-00181 |
| A Delaware Corporation | ) | |
| | ) | |
| Defendant. | ) | |

On September 7, 2023, Plaintiff Morgan Fitch (Fitch) filed a *Motion to Compel Like Reports.* (Doc. No. 88). Fitch seeks an order requiring Defendant BNSF Railway Company (BNSF) to produce reports of all earlier examinations of the same condition ("like reports"), from each of its three Rule 35 examiners, Dr. Frederick T. Strobl, Dr. Melissa Castro, and Dr. Steven Moen. (*Id.*). BNSF opposes Plaintiff's motion. (Doc. No. 92).

I. BACKGROUND

Fitch filed a complaint on September 22, 2021, alleging injury in the course and scope of employment with BNSF. (Doc. No. 1). Fitch provides she was working as a member of a three-person crew on a train traveling from Minot, North Dakota, to Rugby, North Dakota. (*Id.*). Fitch claims the train went into an emergency stop unexpectedly and without warning. Fitch says she was "thrown forward into the nose of the locomotive, and she suffered injuries to her right arm and shoulder." (*Id.*). Fitch claims the emergency stop was caused by the train's airbrake system. (*Id.*). Fitch alleges she,

> suffered in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of [her] enjoyment of life; and has suffered permanent injury and disability, all to her injury and damage.

(*Id.*). The Court ordered Fitch to be examined by an orthopedic surgeon, neurologist, and neuropsychologist following BNSF's Rule 35 motion for examination. (Doc. No. 30). Thereafter, Fitch requested copies of the examiners' reports together with like reports. (Doc. No. 90-5).

## II. LEGAL STANDARD

Rule 35 of Federal Rules of Civil Procedure governs physical and mental examinations. FED. R. CIV. P. 35(b)(1) provides that a party who moves for examination (BNSF) *must,* on request, deliver to the requester (Fitch) a copy of the examiners' reports, together with like reports of *all* earlier examinations of the same condition. Rule 35(b) provides:

> (b) Examiner's Report.
>
> (1) *Request by the Party or Person Examined.* The party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition. The request may be made by the party against whom the examination order was issued or by the person examined.
>
> (2) *Contents.* The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests.
>
> (3) *Request by the Moving Party*. After delivering the reports, the party who moved for the examination may request- and is entitled to receive- from the party against whom the examination order was issued like reports of all earlier or later examinations of the same condition. But those reports need not be delivered by the party with custody or control of the person examined if the party shows that it could not obtain them.
>
> (4) *Waiver of Privilege*. By requesting and obtaining the examiner's report, or by deposing the examiner, the party examined waives any privilege it may have- in that action or any other action involving the same controversy- concerning testimony about all examinations of the same condition.
>
> (5) *Failure to Deliver a Report*. The court on motion may order- on just terms- that a party deliver the report of an examination. If the report is not provided, the court may exclude the examiner's testimony at trial.
>
> (6) *Scope*. This subdivision (b) applies also to an examination made by the parties' agreement, unless the agreement states otherwise. This subdivision does not preclude obtaining an examiner's report or deposing an examiner under other rules.

FED. R. CIV. P. 35(b)(1)-(6).

Fitch, in turn is required to provide BNSF with available like reports of all earlier *or later* examinations of the same condition, upon BNSF's request, after BNSF delivers like reports to Fitch. *See* FED. R. CIV. P. 35(b)(3).

## III. DISCUSSION

### a. Like reports of all examinations of the same condition

Fitch seeks "reports from the Rule 35 examiners for all Rule 35 examinations they have performed for the same condition the Doctor examined Plaintiff." (Doc. No. 89). FED. R. CIV. P. 35(b)(1) provides that "[t]he party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, **together with like reports of all earlier examinations of the same condition**." (emphasis added). Fitch relies on *Bryant v. Dillion Real Est. Co., Inc.*, No. 18-CV-00479-PAB-MEH, 2019 WL 3935174, (D. Colo. Aug. 20, 2019) for support. *Bryant* held "the plain language of Rule 35(b)(1), together with the committee's notes, demonstrate that an examined party is entitled to production by the examiner of 'all' reports, to which the examiner has access, regarding examinations of the same condition(s) suffered by the examined party ('like reports')." *Bryant*, 2019 WL 3935174, at *4. *Bryant* referenced legislative history including the 1970 Advisory Committee Notes, instructing that "Rule 35(b) was amended to correct an imbalance in Rule 35(b)(1) as heretofore written." *Id.*; *see* FED. R. CIV. P. 35 advisory committee's note to 1970 amendment (internal quotation marks omitted). The advisory committee explained that "the rule has not in terms entitled the examined party to receive from the party causing the Rule 35(a) examination any reports of earlier examinations of the same condition to which the latter many have access. The amendment cures this defect." FED. R. CIV. P. 35 advisory committee's note to 1970 amendment.

*Bryant* found no cases interpreting whether Rule 35 refers to like reports of individuals *other than the examined party*. *Bryant*, 2019 WL 3935174, at *4. However, the court noted the

3

committee specifically stated the amendment allowing examined parties to obtain like reports from examiners "embodies changes required by the broadening of Rule 35(a) *to take in persons who are not parties*." *Id.* (quoting FED. R. CIV. P. 35 advisory committee's note to 1970 amendment) (emphasis added). Those same committee notes are referenced by an oft-cited secondary source, providing "[t]he party causing the examination to be made must also give to the person examined similar reports of all earlier examinations of the same condition *to which that party has access*." 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2237 (3d ed. 2010) (emphasis added). This court agrees with *Bryant* and the affirmation provided by the Advisory Committee Notes, finding Fitch is entitled to all "like reports" to which the examiners have access.

### b. Overly broad and unduly burdensome request

Fitch requests the court compel BNSF to provide the following:

a. All reports created by Dr. Frederick T. Strobl in conjunction with Rule 35 testing or examinations performed on other individuals prior to April 17, 2023, for the same condition(s) Dr. Strobl examined Plaintiff. Including, but not limited to testing or examinations for neurological injuries, head injury, or traumatic brain injury;

b. all reports created by Dr. Melissa Castro in conjunction with Rule 35 testing or examinations performed on other individuals prior to April 21, 2023, for the same condition(s) Dr. Castro examined Plaintiff. Including, but not limited to testing or examinations for psychological or neurological functioning; head injury, PTSD, neuropsychological injuries, or traumatic brain injury; and

c. All reports created by Dr. Steven Moen in conjunction with Rule 35 examinations performed on other individuals prior to April 17, 2023, for the same condition (s) Dr. Moen examined Plaintiff. Including, but not limited to orthopedic testing and examinations regarding head, neck, shoulders, biceps and back; and the brachial plexus.

(Doc. No. 88). BNSF argues the requested production is overbroad and unduly burdensome (Doc. No. 90-6), claiming each examiner would have to review all their reports to find like reports of the same condition. (Doc. No. 93-95). BNSF does not substantiate its claims of overbreadth and undue burden. For example, BNSF does not say whether or how many Rule 35 reports of any kind may

4

exist, whether any Rule 35 reports are within the custody or control of BNSF, whether such reports are stored and organized electronically, or whether any reports are searchable electronically or manually. In *Bryant*, the court was not convinced production "'is overly broad and unduly burdensome' since it 'would require significant time on the part of [the doctor] and his staff'" absent an explanation or more information. *Bryant v. Dillion Real Est. Co., Inc.*, No. 18-CV-00479-PAB-MEH, 2019 WL 3935174, at *5 (D. Colo. Aug. 20, 2019). Here too, the court is unpersuaded production of like reports would be overly broad and unduly burdensome.

BNSF claims no reports were located after "a reasonable inquiry." (Doc. No. 92, pg., 2, n.1). BNSF does not say whether its inquiry included the examiners' review of their records for Rule 35 reports generally or like reports; whether BNSF reviewed its own communications and records of all Rule 35 requests; or, whether BNSF inquired of its outside counsel whether *any* Rule 35 reports are available. BNSF admits outside counsel throughout the country maintain BNSF's litigation files, but BNSF provides no description of any relevant inquiry by phone, email or otherwise. (*Id.*). The court is not persuaded a reasonable inquiry has been made.

BNSF should make inquiry of the three examiners and outside counsel. Likewise, BNSF should search its own records, e.g., search for evidence of communications, agreements, or payment of experts in connection with Rule 35 examinations that may have resulted in like reports and that may be in the custody or control of BNSF, or others. An appropriate investigation may uncover reports within BNSF's custody or control that are available to BNSF, and it may identify third parties having custody or control of like reports. Like reports identified as being held by third parties outside BNSF custody or control may be available to Fitch using *other rules* as provided in Rule 35(b)(6).

    c. **Discovery under F**ED**. R. C**IV**. P. 26**

Rule 26 provides the following with respect to the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposes discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1).

Fitch argues she is entitled to like reports as evidence that BNSF's chosen doctors have a history of bias against plaintiffs. (Doc. No. 96). BNSF claims the reports are not relevant to whether Fitch sustained injuries and their only use is to uncover potential bias of the examiners, something Fitch could uncover through other methods. (Doc. No. 92).

The court believes the credibility of any witness, including any bias, is always at issue and always subject to attack. FED. R. EVID. 607. There may be any number of non-exclusive discovery methods Fitch can reasonably employ to discover, investigate, expose, and support such bias, including review of like reports.

### d. Privilege

Rule 35(a)(1) limits the application of Rule 35 to those whose mental health or physical condition are in controversy, or those in the custody or under the legal control of a party. FED. R. CIV. P. 35(a)(1). Under Rule 35(b)(4), when a party examined requests and obtains the examiner's report, presumably from a party opponent who requested and likely paid for the examination "the party examined waives any privilege it may have - in that action or any other action involving the same controversy – concerning testimony about all examinations of the same condition." FED. R. CIV. P. 35(b)(4). Fitch asserts under the context of a Rule 35 examination she is not seeking confidential or privileged information. (Doc. No. 89). BNSF claims non-party examinees' waiver of privilege should not extend to unrelated cases involving the same condition. *See Cheff v. Am. States Preferred Ins. Co*, No. CV 22-18-M-KLD, 2023 WL 2330252, at *4 (D. Mont. March 2,

2023). *Cheff* found "[u]nrelated non-parties plainly do not fall within the scope of this rule because they have not placed their condition at controversy in this litigation." *Id.* The court is unpersuaded by *Cheff*, given the clear language and history of Rule 35. Once examinees use Rule 35 to request and obtain a report from the party whose request for examination resulted in a report, the examinee "waives any privilege it may have ─ in that action or any other action involving the same controversy ─ concerning testimony about all examinations of the same condition." FED. R. CIV. P. 35(b)(4). Here, Fitch is only interested in Rule 35 reports involving the same controversy.

   e. **Confidentiality concerns**

Fitch is not attempting to discover like reports for the purpose of identifying private particulars. (Doc. No. 96). The court recognizes examinees' privacy and confidentiality concerns can survive notwithstanding a waiver of privilege. Rule 26(c) provides a pathway for parties or persons to preserve confidentiality by agreement or by order of a court. Like reports may contain private and personally identifiable information such as the examinees' name, address, birthdate, etc. Fitch is not attempting to discover such information. (Doc. No. 96). Accordingly, the parties can explore whether any personal identifying information may be redacted from like reports and whether good cause supports a protective order under Rule 26(c).

**IV.   CONCLUSION**

For reasons above, the Court **GRANTS** Fitch's *Motion to Compel Like Reports*. (Doc. No. 88). BNSF should immediately work to obtain and disclose all relevant reports within its custody or control.

**IT IS SO ORDERED.**

Dated this 5th day of February, 2024.

                                                         */s/ Clare R. Hochhalter*
                                                         Clare R. Hochhalter, Magistrate Judge
                                                         United States District Court