IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Morgan Fitch, | ) |
|       Plaintiff, | ) |
| vs. | ) **ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY** |
| BNSF Railway Company, a Delaware Corporation, | ) Case No. 1:21-cv-181 |
|       Defendant. | ) |

Before the Court is the Defendant's motion to exclude expert testimony filed on December 23, 2024. See Doc. No. 142. The Defendant filed a motion to supplement the record on December 30, 2024. See Doc. No. 152. The Plaintiff filed a response in opposition on January 6, 2025. See Doc. No. 157. For the reasons set forth below, the motion is granted in part.

I.  **BACKGROUND**

This a personal injury case in which the Plaintiff, Morgan Fitch, seeks damages for injuries allegedly suffered while working as a conductor for Defendant BNSF Railway Company (BNSF) under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. Fitch contends she was injured on February 28, 2020, while part of a train crew operating a BNSF train between Minot and Rugby in North Dakota. In her complaint, Fitch alleges the train went into an emergency stop which caused her to be thrown down and injure her right arm and shoulder. Fitch has alleged that she sustained neurological and cognitive injuries, including a traumatic brain injury.

On November 20, 2024, Fitch disclosed medical records documenting a new symptom that was not previously disclosed. She alleges left homonymous hemianopia (i.e. a loss of vision on the left side) was caused by the February 28, 2020, incident. Fitch has repeatedly taken a vision

1

test with varying results. She failed several tests, which resulted in a determination that she cannot drive. However, she has passed the last test taken which allows her to legally drive. On December 27, 2024, Fitch disclosed the seventh report of Dr. Steven Lockman, her retained medical expert. Dr. Lockman's supplement report offers opinions regarding Fitch's visual field defect and a new diagnosis of Complex Regional Pain Syndrome ("CRPS").

## II. LEGAL DISCUSSION

BNSF contends any evidence, documents, or testimony regarding the newly discovered medical symptoms alleged by Fitch should be excluded. Specifically, BNSF seeks to exclude evidence that: 1) Fitch has lost portions of her field of vision, 2) Fitch cannot drive due to vision loss; and 3) Fitch has been diagnosed with CRPS. Fitch filed a response in opposition to the motions on January 6, 2025. See Doc No. 157.

The Plaintiff's disclosure of Dr. Lockman's supplemental expert report on December 27, 2024, occurred after the deadlines set by Magistrate Judge Hochhalter in the scheduling order. The deadlines to disclose amended and rebuttal reports were July 19, 2024, and September 13, 2024, respectively. See Doc. 120. Additionally, the supplemental expert report was served months after the discovery deadline, which was October 15, 2024. Id. According to the newly disclosed report, Dr. Lockman saw Fitch on December 11, 2024, yet did not date his report until December 23, 2024. The Plaintiff waited until December 27, 2024, to serve the report. See Doc. No. 153-3.

Parties have a continuing duty to supplement expert opinions under Rule 26(e) of the Federal Rules of Civil Procedure. In *Vanderberg v. Petco Animal Supplies Store, Inc.*, 906 F.3d 698 (8th Cir. 2018), the Eighth Circuit Court of Appeals affirmed a trial court's exclusion of expert testimony from a treatment provider opining that an incident caused an injury, due to late

2

disclosure. The Eighth Circuit concluded that when expert testimony is not timely disclosed, exclusion of the evidence is warranted unless the failure was substantially justified or harmless. The failure to timely disclose new medical conditions is certainly not harmless as it may significantly alter the scope of damages in any case. The Plaintiff's alleged vision loss and inability to drive was disclosed approximately two months prior to trial, and the Complex Regional Pain Syndrome diagnosis was disclosed less than one month before trial. The late disclosures arguably deprive BNSF of the opportunity to fully conduct discovery and consult with experts on the newly alleged symptoms prior to trial.

The incident that caused Fitch's injuries occurred on February 28, 2020. This action has been pending for over three years and trial has been continued previously. The new medical conditions were disclosed more than four (4) years after the incident. The admission of evidence regarding the Plaintiff's diagnosis of CRPS, her alleged loss of vision, and her inability to drive would prejudice BNSF since trial is less than one month away.

During a telephone status conference with the parties on January 7, 2025, counsel for the Plaintiff stated they would not be introducing any evidence at trial concerning the Plaintiff's inability to drive so that subject matter is a non-issue, and such evidence is prohibited at trial.

As to the condition of CRPS, the Plaintiff is precluded from presenting evidence at trial of her recent CRPS diagnosis. In Dr. Lockman's report dated December 23, 2024, he opined that it was his "impression" that Fitch "met the Budapest criteria for the diagnosis of Complex Regional Pain Syndrome (CRPS)." See Doc. No. 153-3. As recognized by Dr. Lockman, this is a "new diagnosis" that warrants more aggressive treatment for pain management. The diagnosis appears to be a progression of the patient's brachial plexopathy condition.

It is undisputed that Fitch has been diagnosed with a right brachial plexopathy.[1] Dr. Lockman can opine on his observations concerning Fitch's brachial plexus injuries, consistent with the medical records he has reviewed, combined with his own medical records, his expert reports, disclosures, and deposition testimony. See Doc. Nos. 158-176. Dr. Lockman can also opine on the diagnosis, prognosis, and the care and treatment needed to address the brachial plexus injuries, as well as the other medical conditions he has diagnosed, treated, and addressed to date. Id. None of that information is a surprise nor is it prejudicial. Dr. Lockman's medical records and reports, and his depositions disclose that diagnosis, treatment, and prognosis. BNSF has retained expert witnesses to rebut the diagnosis. However, Dr. Lockman will be precluded from presenting specific testimony on the "new diagnosis" of CRPS made on December 23, 2024, as discussed in his most recent report. See Doc. No. 153-3, pp. 3-4. As a practical matter, neither party is prejudiced by this very limited preclusion of testimony. The reality is that the care, treatment, and pain management for a brachial plexopathy condition differs very little from the care, treatment, and pain management of CRPS.[2]

## III.  CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, the Defendant's motion to exclude expert testimony (Doc. No. 142) and motion to supplement record (Doc. No. 152) is **GRANTED IN PART**.

---

[1] The brachial plexus is a network of nerves that run from nerve roots in the cervical (neck) and upper trunk (torso) section of the spinal cord, creating a network that connects to the nerves in the arm. Brachial plexus injuries typically stem from trauma to the neck and/or shoulder area and can cause pain, weakness, and numbness in the arms and hands.

[2] Complex Regional Pain Syndrome (CRPS) is essentially chronic arm or leg pain developing after an injury. The condition is characterized by pain that is greater than would be expected from the injury that causes it. The exact cause of CRPS is not well understood but may involve abnormal inflammation or nerve disfunction. Treatment generally consists of self-care and nerve pain medications.

**IT IS SO ORDERED.**

Dated this 10th day of January, 2025.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court